[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE THE VERDICT
The defendants, Jeffrey R. Stenner and P.D.L., Inc., have moved this court to enter an order to set aside the verdict which the jury rendered in favor of the plaintiff against said defendants on the third count of the plaintiff's complaint for the following reasons:
"(a) The trial court's charge to jury on the applicable law of negligence was inadequate and improper;
(b) the trial court's charge to the jury on the applicable law of contributory negligence by the plaintiff was inadequate and improper;
(c) the trial court's charge to the jury on the applicable law of proximate causation was inadequate and improper."
The arguments on the motion were conducted by means of a telephone conference call between Hartford, Connecticut and Lauderhill, Florida on December 12, 1990. Attorney Joseph T. Sweeney of the Firm of Halloran and Sage who represented the defendants Jeffrey R. Stenner and P.D.L., Inc. and Attorney Lawrence L. Connelli of the Firm of Regnier, Taylor, Curran and Eddy who represented the plaintiff agreed to this procedure both orally and in writing. The other defendant, Rod Martin, did not file a motion to set aside the verdict within the time limits required by the rules of the court, and the jury verdict in favor of the plaintiff against Rod Martin must stand. CT Page 653
Counsel for the remaining defendants in his written and oral arguments challenged the court's charge on the law of negligence, the law of contributory negligence and the law of proximate causation as being inadequate and improper.
A review of the charge indicates that, taken as a whole, the charge adequately covered the principles of the law of negligence, the law of contributory negligence and the law of proximate causation.
On proximate causation, the test for that charge as set forth in the recent case of Tesler v. Johnson, 23 Conn. App. 536
(1990) was met.
A jury charge is not to be critically dissected for the purposes of discovering possible inaccuracies. State v. Davis,198 Conn. 680, 686 (1986). The charge should be read as a whole. State v. Cavros, 196 Conn. 519, 528 (1985).
Counsel for the defendants concentrated his oral argument on the court's charge on contributory negligence, claiming that the jury should have found the plaintiff contributorily negligent if properly charged.
It is the opinion of the court that based on the evidence presented to the jury and the court's charge on contributory and comparative negligence that the jury could reasonably have found that the plaintiff was not negligent in any of the ways raised by the defendants in their special defense.
For these reasons, the motion of the defendants to set aside the verdict of the jury is overruled and denied,
HAROLD M. MISSAL, STATE TRIAL REFEREE